UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

WILLY KIWEWA,
  Plaintiff,

vs.

MEGAN BRENNAN,
POSTMASTER GENERAL,
UNITED STATES POSTAL SERVICE,
  Defendant.

Case No. 1:15-cv-815
Beckwith, J.
Litkovitz, M.J.

**REPORT AND
RECOMMENDATION**

Plaintiff Willy Kiwewa brings this action against defendant Megan Brennan, Postmaster General, United States Postal Service (USPS), alleging he was terminated from his employment on account of his national origin. This matter is before the Court on defendant's motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. 7) and plaintiff's memorandum in opposition to the motion (Doc. 12).

**I. Procedural background**

Plaintiff filed the complaint in this Court on December 23, 2015, seeking compensatory damages, unpaid wages, backpay, and other relief. (Doc. 1). Plaintiff, a native of the Democratic Republic of Congo, asserts a claim against defendant USPS for discrimination on the basis of national origin. (*Id*. at 1). Plaintiff alleges he was hired by the USPS in November of 2013 and was terminated on December 24, 2013, after he had completed 35 days of his new employee probationary period. (*Id*. at 1, 3; Doc. 3 at 60). The USPS terminated plaintiff on that date for alleged "continued performance issues and [his] failure to follow Postal Service Rules and Regulations." (Doc. 12-1 at 4). Plaintiff alleges that the reasons given by the USPS for his

termination were a pretext for discrimination based on his national origin. (*Id*. at 3-5). Plaintiff alleges that the USPS attempted to conceal his unlawful termination by sending him a "P.S. Form 50: Notification of Personnel Action" in March 2014 that falsely stated he had voluntarily resigned from his position. (Doc. 1 at 2-3). Plaintiff alleges that although USPS personnel asserted that the form was generated in error, he believes the letter was a "cover up" for unlawful discrimination. (*Id*. at 2-3, 4-5).

## II. Defendant's motion to dismiss

Defendant moves to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim to relief. (Doc. 7). Defendant alleges that plaintiff did not exhaust his administrative remedies as required to bring a claim for employment discrimination on the basis of national origin under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*. (Title VII). Defendant alleges that plaintiff did not timely comply with the administrative exhaustion procedures set forth in 42 U.S.C. § 2000e-16(c) and 29 C.F.R. Ch. 1614. (*Id*. at 3-4). Plaintiff alleges in response that he completed the administrative process before filing his civil action. (Doc. 12 at 1, 8-9).

### A. Rule 12(b)(6) standard

A motion to dismiss for failure to exhaust administrative remedies is properly considered under Rule 12(b)(6). *See Norris v. Mehter*, No. 1:13-cv-48, 2013 WL 3875381, at *3 (S.D. Ohio July 26, 2013) (Report and Recommendation), *adopted*, 2014 WL 806314 (S.D. Ohio Feb. 28, 2014) (exhaustion of administrative remedies requirement is more properly construed as a statutory prerequisite rather than a jurisdictional requirement) (citations omitted). *See also Kubicki v. Brady*, 829 F. Supp. 906, 910 (E.D. Mich. 1993), *aff'd,* 41 F.3d 1507 (6th Cir. 1994) (stating that failure to exhaust administrative remedies is a condition precedent to suit and

2

construing a Rule 12(b)(1) motion raising that defense as motion to dismiss under Rule 12(b)(6)).

In deciding a motion to dismiss under Rule 12(b)(6), the Court must accept all factual allegations as true and make reasonable inferences in favor of the non-moving party. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008). The complaint must give the defendant "fair notice of what the claim is and the grounds upon which it rests." *Nader v. Blackwell*, 545 F.3d 459, 470 (6th Cir. 2008) (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)). The complaint must also allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A pro se plaintiff's complaint will be held to "less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Pro se plaintiffs must nonetheless comply with the pleading requirement to provide more than bare assertions of legal conclusions. *Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008).

In ruling on a motion to dismiss under Rule 12(b)(6), the Court can consider "exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to [the] defendant's motion to dismiss, so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). *See also Mediacom Southeast LLC v. BellSouth Telecommunications, Inc.*, 672 F.3d 396, 399 (6th Cir. 2012).

**B. Exhaustion of administrative remedies**

Title VII provides the exclusive judicial remedy for employees who bring claims of discrimination in federal employment. *Steiner v. Henderson*, 354 F.3d 432, 434 (6th Cir. 2003) (citing *Brown v. General Servs. Admin.*, 425 U.S. 820, 835 (1976)). Exhaustion of

administrative remedies is a precondition to filing a Title VII lawsuit. *Lockett v. Potter*, 259 F. App'x 784, 786 (6th Cir. 2008) (citations omitted). An employee who does not first exhaust his administrative remedies is precluded from bringing a Title VII action in federal court. *Flowers v. Potter*, No. 3:05-cv-052, 2008 WL 697630, at *7 (S.D. Ohio 2008) (citing *Tisdale v. Fed. Express Corp.*, 415 F.3d 516, 527 (6th Cir. 2005)). *See also Schaefer v. U.S. Postal Service*, 254 F. Supp.2d 741, 752 (S.D. Ohio 2002). Failure to exhaust administrative remedies in a timely manner is an affirmative defense which the defendant bears the burden of pleading and proving. *Lockett*, 259 F. App'x at 786 (citations omitted).

A federal employee must take several steps to exhaust his administrative remedies. *Lockett*, 259 F. App'x at 786. First, the employee must initiate contact with an Equal Employment Opportunity (EEO) counselor within 45 days of the allegedly discriminatory action to attempt to informally resolve the matter. *Id*. (citing 29 C.F.R. § 1614.105(a)(1)). Second, the employee must file an individual complaint of discrimination with the agency that allegedly discriminated against him within prescribed time limits. *Id*. (citing 29 C.F.R. § 1614.106(a)). Third, the individual must obtain a final agency decision (FAD). *Id*. (citing 29 C.F.R. § 1614.110(a)). The employee may appeal the FAD to the Equal Employment Opportunity Commission (EEOC) within 30 days of its receipt. *Id*. (citing 29 C.F.R. § 1614.402(a)). In the alternative, the employee can file a civil action in district court. *Id*. (citing 29 C.F.R. § 1614.407). The time limits for filing a civil suit are: "(a) Within 90 days of receipt of the [FAD] if no appeal has been filed; (b) After 180 days from the date of filing an individual . . . complaint if an appeal has not been filed and final action has not been taken; (c) Within 90 days of receipt of the Commissioner's final decision on an appeal; or (d) After 180 days from the date of filing

an appeal with the Commission if there has been no final decision by the Commission." 29 C.F.R. § 1614.407(a)-(d); *see also* 42 U.S.C. § 2000e-16(c).[1]

### C. Resolution

Defendant alleges that plaintiff failed to timely exhaust his administrative remedies because he did not file this civil action within 90 days after issuance of the FAD. (Doc. 7 at 7). The documentation submitted by the parties refutes defendant's allegation that plaintiff did not timely exhaust his administrative remedies.

Plaintiff apparently met with an EEO counselor following his termination. Plaintiff subsequently filed a formal EEO complaint with the USPS on April 21, 2014, alleging discrimination based on his national origin. (*See* Doc. 3 at 4, 119). The USPS thereafter conducted an investigation of the complaint. On September 17, 2014, the USPS sent plaintiff a letter informing him that the investigation was complete and he had two options for how to proceed, both of which he was required to pursue within 30 days of receipt of the notice: (1) request a hearing before an Administrative Judge appointed by the EEOC, or (2) request an FAD on the merits of his complaint without a hearing. (*Id.* at 4-5). Plaintiff initially requested a hearing before an Administrative Judge but subsequently withdrew his request. (*See* Doc. 3 at 106-07). The USPS issued the FAD on February 20, 2015. (Doc. 3 at 106-18). Consistent with 29 C.F.R. § 1614.407, the FAD informed plaintiff that he had the right to appeal the FAD to the

---

[1] Section 2000e-16(c) states: "Within 90 days of receipt of notice of final action taken by a department, agency, or unit referred to in subsection (a) of this section, or by the [EEOC] upon an appeal from a decision or order of such department, agency, or unit on a complaint of discrimination based on . . . national origin, brought pursuant to subsection (a) of this section . . ., or after one hundred and eighty days from the filing of the initial charge with the department, agency, or unit or with the [EEOC] on appeal from a decision or order of such department, agency, or unit until such time as final action may be taken by a department, agency, or unit, an employee . . ., if aggrieved by the final disposition of his complaint, or by the failure to take final action on his complaint, may file a civil action as provided in section 2000e-5 of this title, in which civil action the head of the department, agency, or unit, as appropriate, shall be the defendant." 42 U.S.C. § 2000e-16(c).

Office of Federal Operations of the EEOC within 30 days of receipt of the FAD or, in the alternative, to file a civil action (1) within 90 days of receipt of the FAD, (2) within 90 days of receipt of the EEOC's final decision on any appeal, or (3) after 180 days from the date of filing an appeal with the EEOC if the Commission did not issue a final decision on the appeal. (*Id.* at 118). Plaintiff elected to file an appeal with the EEOC. (Doc. 1 at 7). The EEOC sent plaintiff a letter dated April 21, 2015, confirming the appeal had been received and filed on March 22, 2015. (*Id.*). The letter advised plaintiff that any supporting statement must be submitted within 30 days of the filing of the notice of appeal and that the EEOC would terminate the processing of the appeal in accordance with 29 C.F.R. § 1614.409 if plaintiff filed a civil action. (*Id.*). Plaintiff filed the complaint in this Court on December 23, 2015, which was well over 180 days after the date he filed his appeal with the EEOC.

    The USPS has not shown that plaintiff failed to satisfy the administrative exhaustion requirements for his Title VII claim. The FAD was mailed to plaintiff on February 20, 2015. (Doc. 1 at 6). Receipt of an FAD is presumed five days after mailing. *See Rembisz v. Lew*, 590 F. App'x 501, 503 (6th Cir. 2014). Thus, plaintiff is presumed to have received the FAD on February 25, 2015. Plaintiff's receipt of the FAD began the running of the 30-day time period for filing an appeal to the EEOC and the deadlines for filing a civil suit in federal court. 29 C.F.R. §§ 1614.402, 1604.407. Defendant alleges that plaintiff did not file a civil suit within the 90-day filing period, which is an apparent reference to the time limit set forth in § 1614.407(a) and (c) for filing a civil action if no appeal from the FAD has been filed or if the employee has received a final decision on his appeal. (Doc. 7 at 7). While defendant's allegation that plaintiff did not file this civil action within 90 days of receipt of the FAD is accurate, it is not dispositive of plaintiff's claim. Defendant ignores the fact that plaintiff chose to file an appeal with the

6

EEOC. (Doc. 1 at 7). Plaintiff filed the appeal on March 22, 2015, which was within the 30-day filing period set forth in 29 C.F.R. § 1614.402 and specified in the FAD which the USPS mailed to plaintiff on February 20, 2015. (Doc. 1 at 6). Because plaintiff elected to file an appeal, the applicable time limit for filing his civil suit is dependent on whether the EEOC issued a final decision on the appeal. *See id*; 29 C.F.R. § 1614.407. There is no indication in the record that the EEOC issued a final decision on plaintiff's appeal at any time prior to the date plaintiff filed this lawsuit. Thus, the applicable time limit is found in 29 C.F.R. § 1614.407(d), which authorized plaintiff to file a civil suit "[a]fter 180 days from the date of filing an appeal with the Commission if there has been no final decision by the Commission." *See also* 42 U.S.C. § 2000e-16(c). Plaintiff filed this civil action more than 240 days from the date he filed his appeal with the EEOC (Doc. 1 at 7), which was well after the end of the 180-day period plaintiff was required to wait for the EEOC to issue a final decision on his appeal.

Although plaintiff was required to wait 180 days *before* filing suit, Title VII does not provide a limit "as to how long a claimant can await the conclusion of the administrative process before filing suit." *See Kannikal v. Attorney Gen. U.S.*, 776 F.3d 146, 149 (3d Cir. 2015) ("Thus, the real issue is whether there is a limit as to how long a claimant can await the conclusion of the administrative process before filing suit. The statute [42 U.S.C. § 2000e-16(c)] provides no such limit."). Section 2000e-16(c) allows an aggrieved individual to "file suit any time after 180 days have passed *until there is a final decision*. The final decision then triggers the 90–day outer limit." *Id*. at 150 (emphasis in original). Construing the allegations of the complaint and the relevant exhibits in plaintiff's favor, it appears the administrative process had not concluded in plaintiff's case and that his appeal to the EEOC was still pending when plaintiff instituted this

7

civil action. Thus, the time period for plaintiff to file a civil action had not run as of the date he filed this lawsuit.

Defendant has not shown that plaintiff failed to comply with the applicable requirements of 29 C.F.R. Ch. 1614 and 42 U.S.C. § 2000e-16(c). Plaintiff's discrimination claim should not be dismissed for failure to timely exhaust his administrative remedies.[2]

### IT IS THEREFORE RECOMMENDED THAT:

Defendant's motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. 7) be **DENIED**.

Date: 6/6/16

Karen L. Litkovitz
United States Magistrate Judge

---

[2] Plaintiff states in his opposing memorandum that he also brings a claim under the Equal Pay Act, 29 U.S.C. § 206(d). Defendant has not filed a reply memorandum and therefore has not addressed whether plaintiff has stated a claim for relief under the Act. Accordingly, it is not necessary for the Court to address any claim plaintiff may have raised under the Equal Pay Act in connection with defendant's motion to dismiss.

8

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

WILLY KIWEWA,
    Plaintiff,

vs.

MEGAN BRENNAN,
POSTMASTER GENERAL,
UNITED STATES POSTAL SERVICE,
    Defendant.

Case No. 1:15-cv-815
Beckwith, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).