UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| WILLY KIWEWA,<br>Plaintiff, | Case No. 1:15-cv-00815<br>Litkovitz, M.J. |
| vs. | |
| MEGAN BRENNAN,<br>POSTMASTER GENERAL,<br>UNITED STATES POSTAL SERVICE,<br>Defendant. | **ORDER** |

This matter is before the Court on plaintiff Kiwewa's motion to seal the record (Doc. 74) and supporting document (Doc. 75). Plaintiff, proceeding pro se, filed the complaint in this action in December 2015, alleging discrimination on the basis of his national origin against defendant. (Doc. 1). The Court granted summary judgment in defendant's favor and the case was terminated on the Court's docket on October 18, 2017. (Doc. 67).

Plaintiff moves to seal the record of the proceedings in this case on the grounds that his reputation has been harmed by these proceedings, the record contains sensitive personal information regarding his date of birth, and third-party minors will suffer harm if the record remains public. (Doc. 74 at 1-2). Plaintiff claims that prospective employers who search his name on the internet are able to access his case, which has prevented plaintiff from obtaining new employment. (*Id.* at 1). Additionally, plaintiff alleges that case documents contain his date of birth, which should not be public. (*Id.*). Plaintiff also claims his minor children are adversely affected by the records being public because they share his last name and are therefore associated with the case. (*Id.* at 1-2).

While district courts have considerable discretion regarding the management of their records and files, that discretion is "'circumscribed' by the traditional and 'presumptive right of the public to inspect and copy judicial documents and files.'" *United States v. Contents of Nationwide Life Ins. Co. Account No. X0961 in Name of Warshak*, No. C-1-05-196, 2006 WL 971978, at *3 (S.D. Ohio

Apr. 12, 2006) (quoting *Knoxville News-Sentinel Co. v. Knoxville Journal Corp.*, 723 F.2d 470, 473-74 (6th Cir. 1983) (internal citations omitted)). The Sixth Circuit has "long recognized a 'strong presumption in favor of openness'" of court records. *Rudd Equipment Company, Inc. v. John Deere Construction & Forestry* Company, 834 F.3d 589, 593 (6th Cir. 2016) (quoting *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1179 (6th Cir. 1983)). This is because the resolution of private civil cases frequently involves issues and remedies that are crucial for the public to know. *See Brown & Williamson*, 710 F.2d at 1179. However, courts have the "power to seal their records when interests of privacy outweigh the public's right to know." *Knoxville News-Sentinel Co.*, 723 F.2d at 474 (citations omitted).

Because there is a long-recognized, strong presumption of openness of court records, the party who seeks to seal court records bears a heavy burden of overcoming the presumption. *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016). "Only the most compelling reasons can justify non-disclosure of judicial records." *Id*. (quoting *Knoxville News-Sentinel Co.*, 723 F.2d at 476). Even when a party can show a "compelling reason" why specific documents or portions of documents should be sealed, "the seal itself must be narrowly tailored to serve that reason." *Id.* The party requesting to seal the record must "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Id.* (quoting *Baxter Intern., Inc. v. Abbott Laboratories,* 297 F.3d 544, 548 (7th Cir. 2002)). Further, the party seeking to seal the record has the burden to show that "disclosure will work a clearly defined and serious injury[.]" *Id.* at 307 (quoting *In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001) ("In order to override the common law right of access, the party seeking . . . the sealing of part of the judicial record 'bears the burden of showing that the material is the kind of information that

2

courts will protect' and that 'disclosure will work a clearly defined and serious injury to the party seeking closure.'")).

Reputational harm is not a compelling reason that justifies nondisclosure. *Procter & Gamble v. Bankers Trust*, 78 F.3d 219, 225 (6th Cir. 1996). "[P]rivate litigants' interest in protecting their vanity or their commercial self-interest" is not grounds for keeping information under seal. *Id.*; *see also Contents of Nationwide Life Ins.*, 2006 WL 971978, at *4 ("[T]he prospect that disclosure of unproven allegations will expose a party to reputational or (by extension) commercial harm does not outweigh the common-law presumption of public access to court records." ); *see also Karl v. Bizar*, No. 2:09-CV-34, 2009 WL 3644115, at *3 (S.D. Ohio Oct. 28, 2009) ("[C]laimed harm to one's reputation or injury to one's standing in the community does not warrant a deviation from the strong presumption of public access.").

Plaintiff has not demonstrated there is a compelling reason to seal the record of this case that is sufficient to overcome the strong presumption of openness of court records. First, plaintiff argues that his reputation is harmed by the records remaining unsealed, and the damage to his reputation has prevented him from obtaining employment. Accepting as true plaintiff's claim that information in the case record is harmful to his reputation and his ability to obtain employment, reputational harm does not outweigh the public's right to know about the court proceedings and filings. The reputational harm alleged by plaintiff is not sufficient to overcome the strong presumption in favor of openness.

Second, plaintiff states that his date of birth is sensitive information that appears in the record and warrants sealing the record. (Doc. 74 at 1). Plaintiff's general allegation does not satisfy his burden to analyze the specific documents in the record and provide a compelling reason why each document or specified portions of documents should be sealed. Plaintiff has not

3

indicated where in the record his date of birth appears and has not specified which parts of the record he requests to seal for this reason. His allegation that his date of birth appears somewhere in the record is not a compelling reason to seal the entire case record. Further, although an individual's full date of birth is protected from disclosure under the federal rules, the protection is waived as to an individual's own information if he files it "without redaction and not under seal." Fed. R. Civ. P. 5.2(a)(2), (h). Because plaintiff has not identified the portions of the record that contain his full date of birth, it is not clear whether plaintiff has waived the protection of Rule 5.2. Plaintiff is not entitled to have the case record sealed on the ground his date of birth appears in the record.

Third, plaintiff states that his minor children are "inadvertently identified by this case." (Doc. 74 at 2). If the minors' first names appeared in the record, they would be entitled to the protection afforded by Fed. R. Civ. P. 5.2(a)(3) (affording privacy protections to minors by allowing them to be designated by their initials in any electronic or paper court filing). However, plaintiff does not allege that his minor children are referenced by name in the record or that they are involved in the case. The mere fact that plaintiff's minor children share his last name is not a sufficient reason to seal the record.

Plaintiff has not proffered a sound reason for sealing the record in this case. Plaintiff's allegations provide no indication that his privacy interests outweigh the public's right to know. Plaintiff has not overcome the strong presumption in favor of maintaining open court records.

**IT IS THEREFORE ORDERED THAT:**

Plaintiff Kiwewa's motion to seal the record (Doc. 74) is **DENIED**.

**IT IS SO ORDERED.**

Date: 7/26/18

Karen L. Litkovitz
United States Magistrate Judge

4